First argument this morning is 24-2281, Micron Technology v. Netlist. Mr. Lamkin. Good morning, and may it please the Court. The Idaho statute here singles out one federal right, patent rights, that Congress assigned exclusively to federal courts, requiring state court resolution of non-hypothetical, forward-looking patent questions, even while those issues are pending in federal court still, for decision by state courts ahead of the federal courts by design. For example, the Idaho statute will require a plaintiff in a patent case to post a bond if the state court finds that it is reasonably probable or reasonably likely that the patent claim is objectively baseless. How does this, what's going on in this case, affect any other parties in the patent sphere or in the sphere at all? The impact is tremendous because it threatens to shift the entire locus of patent decision-making on forward-looking, non-hypothetical cases from the federal courts to the state courts. Every time you have the assertion of a federal patent in federal court, someone can bring in one of the 30 jurisdictions that has a state, a patent abuse or patent, false patent assertion statute, a cause of action saying the assertion of that federal patent is objectively baseless. And at that point, we're off to the races between who decides whether it was an objectively baseless patent first, the state courts or the federal courts. And what's the forward-looking aspect of that, at least with respect to the 833 patent in this case, which is already not that invalid? Actually, the 833 is a wonderful example of when you have, you're going to end up with competing resolutions, the same issue. In the 833, the magistrate judge, the federal magistrate judge, made a determination that it was not objectively baseless on the deciding a claim for fees. But right now, we have scheduled for trial in an Idaho state court in February, the exact same issue, whether the 833 was objectively baseless. We're talking only about attorney's fees. We're not talking about any future enforcement of the patent for any purpose whatsoever, any future infringement. Doesn't that matter? I mean, there are a lot of points the other side makes. One is that the attorney's fees were under octane in federal court. But doesn't Gunn and Inspired and other cases recognize there might be a conflict in a particular case in terms of a resolution, but nothing is binding on the other side? And why is that sufficient? Well, I think if we're talking about substantiality, the substantiality looks at the systemic impact. What is the impact of having state courts decide these issues? And in Gunn, it was very different. It was a completely hypothetical question. The federal case was done, and the question was, would that case have possibly come out differently if there hadn't been malpractice? So it was hypothetical. Here, we have the exact opposite of something hypothetical. Here, we have- You said something, I'm sorry to interrupt you, but something very significant. I want to make sure that I understand it. You said systemic, meaning that I shouldn't be just looking at what's going to happen in this individual case. I need to think about the substantiality of the to the whole system. Exactly. And I think, for example, Hunter Douglas made exactly that point when there's a California false patent assertion claim, that the patent was invalid or as a result of inequitable conduct. He said, what happens if these cases are decided by state courts? What is the effect when Congress assigned exclusive jurisdiction to federal courts for patent issues and to this court? And if you have that type of thing, especially 30 different states that have these false patent assertion statutes, these bad faith statutes, what is the impact? And the impact is you shift everything, potentially, into the state courts out of this court. And it's very important when you look at cases like this, the federal issues haven't been resolved. The IPR for the 054918 is still pending before this court. That's why I asked you about the 833. So we're left with attorney's fees. So the worst possible scenario is that using the same standard, which will not necessarily be the case because octane is so much broader. There's so much discretion inherent in district court judges with respect to attorney's fees. So if that's all we're left with in terms of a conflict, why does this case have a substantial resolution? This case has substantial impact. Because the standard of objective baselessness is the same across the two. And the magistrate judge had to decide whether or not this case was objectively baseless in determining fees because that was one of the bases. And now Micron is asserting the exact same basis that because of the invalidation of the 831 patent. Well, what if the district court had decided this based on litigation conduct, misconduct? Right. So they picked another part of octane, subjective basis, and gone on that one. Right. And that might go to whether it necessarily raises a question of federal patent law. But when you say necessarily raises a question of federal patent law, you're looking at does the state court action necessarily raise a question of federal patent law. And here it does because to get to objective baselessness, first you got to decide the patent was invalid. Then you have to say it was such not a close case under federal patent law principles that no person could reasonably believe that that was a valid patent. And when you look at that, you're looking at the validity and the infringement allegations, right? Yes. And the quality of those and policing the quality of those? Exactly. You're looking at the quality of them. And for example, professional real estate investors from some court makes clear if it's the objective inquiry here. That is exclusively a question of patent law. It says whether a litigant had a reasonable prospect of prevailing in a federal patent lawsuit can only be evaluated by reference to the standards of federal law for the enforcement of a patent. Pure patent question when you're looking at objective baselessness. There's nothing forward looking if the patent has expired with respect to any consideration of infringement of validity, right? It's forward looking in the sense that the exact same issue is still pending before federal courts. And so there's forward looking consequences. And that's the sense in which Gunn says it's entirely backward looking. The federal resolution of all patent questions was done there. It was just a hypothetical what if the case had gone differently. Do you think limits this issue to only backward? It only saves cases for state court if it was backward looking relief? I think that is exactly what Gunn does. And I think there's a reason for that. Does it say it's limiting its decision to that? It doesn't. But its rationale is that malpractice cases don't threaten this court's and the federal court's exclusive jurisdiction because it's purely a hypothetical case. It once in a while. But I don't understand how a state court resolution of a bad faith claim necessarily implicates our jurisdiction either. I mean, Gunn recognizes that these state court decisions can be even wrong, but it doesn't make it substantial. And they also recognize these state court decisions aren't controlling on federal courts. So the state court may very well in the action find it objectively basis and award whatever damages a reliefee can under the state statute. The district courts don't have to pay attention to that judgment at all. Well, that is actually a very big problem, right? Because then you have two courts reaching exactly opposite conclusions on matters that are set before this court. And that's why in Gunn the court emphasized that it was a hypothetical question and that the federal case was done. And you have 30 different state statutes of this sort out there, a little bit more than 30. When you have those many out here, that threatens that every time you have the federal patent case, you're going to have another case in state court that might front run it and front run it by design to try and make the court a gatekeeper for federal patent law. For example, by requiring a bond as could happen under section 1707 here. What about if there's no federal case? Let's assume hypothetically the whoever is involved here, the micron of the future, enters a license. Right. So I assume they could still maybe bring a state action or what if the other side just decides it's not worth it? Right. So we have, are you suggesting that they can vindicate their rights under the Idaho statute by filing that state claim in federal court by itself? So I think there's two pieces of the four Gunn factors that we have to look at separately. One is does it necessarily, the case itself, a very case-specific determination, does the case being asserted necessarily raise a question of federal patent law? Do you have to win on a federal patent law issue in order to prevail? That's one piece of it. The other piece is the substantiality, which I think is what we were talking about before, which is does allowing these cases to go forward in state law shift it? I'm sorry to interrupt, but our time is limited. No, but what if there's no case? So what do you do with your state claim? I mean, you're not saying you can, under the state law, you're not saying you can't bring it. You're just saying you have to bring it in federal court versus state law. That's what we're talking about. That's exactly right. So what if there is no federal patent infringement case pending in federal court? Yes. Can you still go into federal court just on this state claim? And if so, how? I think, yes, under cases like Hunter-Douglas or additive controls, the answer is yes. And the reason is because you're going to prevail, you're going to have to win on a federal patent law issue so you can come into federal court. Even if there's no diversity, you get into federal court on this? If there's a rising under jurisdiction, it's a rising under jurisdiction for all purposes. But Judge Prost, I think the key here is you don't have to have a pending federal claim. You mean it's a rising under patent law jurisdiction, that's how they get into jurisdiction? Right, or a rising under federal jurisdiction. That seems really odd to me that the state courts can create a cause of action that can only be litigated in federal court. Well, that's exactly the result of Hunter-Douglas. That's the result of additive controls. When the state creates a cause of action that requires the resolution of federal patent law issues in order to win, then they have created something that arises under federal law if you meet those four gun factors. So you're going to have a district court deciding, federal district courts all over the country deciding state law adjudications by themselves because they will have an effect on patent law even though there's been no assertion of validity or infringement. That's not in play. That is a necessary consequence and that has been the law. For example, if the state law requires invalidity of the patent, that is Hunter-Douglas. And that's been the law since 1998 in this circuit. The state law actually requires the state court to say this patent is invalid before that obviously is making a determination of patent law. But if the state law just requires the hypothetical look at would a reasonable person bringing this suit have had a good reason or thought that their patent was valid or something like that, not that it was valid, but a reasonable belief, that's more of the hypothetical question that Gunn has. It's not hypothetical in the slightest, Judge Hughes. And the Supreme Court and professional business investors told us exactly that because you can't tell if there's subjectively baseless without saying first, yes, it is invalid. And in fact, it's so clearly invalid that no reasonable person could have thought otherwise. I see that I'm- But that- Can I ask a- I'm sorry. I have one more and then-  Well, don't worry about the time. As long as we have questions, we'll ask them. But what- Why don't you go first? Oh, no, that's okay. Go ahead. I've lost track of my question. All right. Okay. So my only question was, you know, in talking about going back to substantiality, so far, a lot of our discussion has been focused on inconsistency between a state, potential state decision and a federal court decision. What about other interests that the federal government might have? Should I be considering other things? Like, for example, should I be considering the government's interest in the patents that it issues? Should I be considering the federal government's interest in a uniform patent system in which, you know, there's the creation of this court, for example? Should I be- What other kinds of things should I be- I think the answer is yes, yes, and yes. For example, if this were a lawsuit against the PTO director saying you shouldn't have issued that patent and it's so objectively unreasonable, you've just breached every possible duty, that would clearly have a federal interest. But that doesn't change. The federal interest doesn't change simply because the same suit is brought against the recipient of the patent, saying that patent should never have issued. In fact, it's objectively baseless and you should never have gotten it. There's a federal interest in having a federal court decide that question because what we're doing is we're attacking the judgment of a federal officer, the PTO director, in issuing this patent. Can I ask you something else? And it's just a follow on. What about the federal government's interest in policing the assertion of patent infringement of these federal rights? What I mean by that is, I don't want this to be advocacy. I want to really think about whether the federal government Congress has come up with certain balancing. There is a concern about frivolous lawsuits being filed. That's a valid concern and that's why there's 285 exceptional case. There might be other mechanisms built in there, Rule 11, that Congress has created for dealing with the same issue. Is that an interest? What case law is there to support the idea that that is an interest also that I should be thinking about as I think about substantial? I think when you combine everything that Congress has done in order to draw an appropriate balance with 285 and exceptional case and Rule 11, and you combine it with the fact that under 1338 and 1295, the federal courts have exclusive jurisdiction over patent cases and this court has exclusive jurisdiction. That way, decidedly, that when you're talking about whether a patent case should have been asserted at all, that is the type of thing that if you meet the gun factors, really should be in this. So is your view that if we have a different case, hypothetically, where all the patents at issue have been found invalid and all appeals have been exhausted, but the patentee nonetheless sends threatening letters to businesses in a certain state, that those are not actionable in state court under a statute like this? So once you've had all the federal courts complete their job, which is not our case here, it becomes a harder question. Well, I mean, what possible federal patent law question could be left? If the patents are already invalid and all appeals have been exhausted, then it's just a question of whether it's a bad faith assertion of patent rights. That certainly is, I don't see how under gun that wouldn't be okay. Right. And you can have cases where there's no necessary federal patent question in it. For example, if you asserted against someone who had a license, they had a license, a contract offense, that wouldn't raise necessarily a federal question because the content of that license is a state law question. So that would be okay under this statute? So it has to necessarily raise a question of federal patent law. You're really keen on this, on the fact you view gun as having some kind of like temporal limitation where it only applies if the patents aren't valid anymore. No, I think gun has two pieces. One is that the federal litigation is over and you're not able to affect the federal litigation. We're not racing to conclusion like we are with 833 on the 285. But I don't buy that. I mean, the fact that the state court litigation may come out one way and the federal court litigation may come out other way doesn't mean they affect each other. It means they have inconsistent results. But gun itself recognized that state courts might even get the question of patent law incorrect, but that wasn't enough to make it substantial. Yeah, Judge Hughes, but the question is when the issues are live, not dead, the issues are still live and you have the two courts have the issues before them, who gets to decide? Does the federal court decide or does the state court decide also and they get inconsistent results? I think gun is very clear that it's talking about backward looking. Where does gun say anything that it worries about inconsistent results? Well, gun does not say inconsistent results, but this court actually says inconsistent. Well, I understand. We have a lot of DICTA that has glosses on gun that may or may not be correct. But gun itself doesn't seem to me to key on inconsistent results. I'm sorry, I don't mean to ask, but gun says, but the possibility that the state court will incorrectly resolve a state claim is not by itself enough to trigger the federal court's exclusive patent jurisdiction. And that's right. It's not about whether they get it right. It's a matter of when the issue is live, who decides. And so gun on page 261. I'm sorry, is it not whether they get it right, but whether they're inconsistent? No, it's a matter of who decides if the issue is live still. Why can't they both decide? Pardon? Because neither of them has to pay attention to each other, although maybe the state court will pay attention to the federal court. Why can't they both decide? And who cares under gun if the state court's incorrect? Well, certainly this court's decision under Hunter-Douglas, which is good law unless it's irreconcilable with gun. Under that, clearly if they're both deciding whether or not it's valid or under additive controls, they're both deciding whether it's infringed or inequitable conduct. These are things that should be exclusively in the federal court. But gun on page 261 emphasizes that it's backward-looking nature that has already been decided. And that's the one to the second full paragraph. And it also emphasized that it's a purely hypothetical question in the next paragraph. And it says, look, in resolving non-hypothetical patent questions, those cases, federal courts are not bound by state courts. So it's hypothetical versus non-hypothetical. By virtue of it, it was never even considered by the court because it was. There's no basis for conflict because in the malpractice case, you're saying, what would the world have looked like if you had not made this bad argument or you'd made the good argument you should have? So you don't have a possibility of conflict because it's a hypothetical case. By contrast, when you have something like here, both courts are deciding the same thing. And you have to decide, is that OK to have potentially 30 state statutes to shift questions of federal patent law to state courts, where those courts may be doing it, in fact, in this case, are doing it to act as gatekeepers for federal law causes of action. If there are no further questions, we ask. No, I. OK. Going back to the question I asked earlier, if there's no federal court proceeding. So, I mean, there's a possibility there might be some time in the future. I mean, you started with the opposite, which is if it's completely over. What if it hasn't even started yet and it's purely speculative as if it's ever going to start? What do we do in that circumstance? I think your answer was you bring your state claim in federal court just adjudicating purely a state claim in federal court. I think, Judge Crouse, that's the answer. Because when you're looking at the systemic impact, you're not looking at, what is this one particular case? You're like, what are the consequences of letting these cases proceed in state court? And if you have, like the case in Hunter Douglas, like the case in additive controls, if you have these cases going forward in state courts with 30 state statutes, you're going to shift the magnetism, the weight, the gravity of patent law from federal courts to state courts. And the answer is, when you have as an element of your claim, the invalidity or the non-infringement or something else of a federal patent law, where it's a necessary element of your claim, that should be brought in federal court. So, if hypothetically you have in this world where no federal case, you have an entity whose only business model is to send threatening letters into various jurisdictions, never plan to sue, never have sued, never will sue in federal court. All they're doing is threatening letters that are, you know, we can even assume they're in bad faith if you're going to want to argue about that. Why isn't that actionable under the state cause of action? It is. It simply has to be brought in federal court. This is not about the merits. It's about who decides whether there's a violation of the patent law. I'm still baffled by the notion that state legislatures can create causes of action that are only, can only be litigated in federal court. It seems like state shouldn't have that power. Either if they have the power to create a state cause of action under their police power, then they create it. If they don't have that power, it's preempted by federal patent law. No, Judge Hughes, the whole notion of federal removal presupposes that there are state causes of action that's so trench on federal interests that a federal court, you have a federal... Can you give me an example or two outside the patent context where that happens? So one example would be when a federal, when you have a federal officer that commits a state tort, you can remove that to federal law, federal court, because it's a federal officer because of the federal interest. That's the 1442A2 issue we have here. But likewise, there's often cases where you can remove to federal court because under gun, now they're narrow, but the whole premise of gun is that you can have a cause of action that arises under state law. I mean, I get you're a federal officer, but they are the actions against a federal officer. Here, it's a private action between two private companies. Of course, it's against a private party who derives their title from a federal officer, and there's a statute addressing that. But even setting that aside, Judge Hughes, the whole premise of gun is there's two ways you can get removed to federal court. One is this cause of action is actually a federal cause of action. The other one is it's actually a state cause of action, but because you meet the four gun factors, it is removable to federal court, notwithstanding that it's a state cause of action. If there are no further questions. I have a question. One thing you were talking about, is everything you're arguing here consistent with the Vermont decision that our court reached? In terms of in that case, I think it involved just sending a letter of accusing somebody of patent infringement, right? And the question involved whether a state claim about the business of that letter. Yeah, and when you send a letter asserting a patent right, you have both the protections of federal law, because there's professional real estate investors in there, and often state law will incorporate. It has to be objectively baseless. And if you have to look to federal patent law, and it's only federal patent law that controls that, then it is a federal question. And professional real estate investors make clear what objective baselessness, that looks to patent law principles, and only to patent law principles. Thank you, Your Honor. Good morning. May it please the court. The District of Idaho correctly remanded to Idaho State Court, and if I just want to jump on the substantiality questions we were dealing with. Mr. Lampkin repeatedly invoked Hunter-Douglas and additive controls, but of course, those are both pre-Gunn. And Inspired Development answers this question of whether Gunn is actually limited to backward-looking cases. I'm reading from Inspired Development here. It says, Kids Embrace also argues that Gunn is limited to these backward-looking malpractice games. We disagree. And that case, Inspired Development, involved future-looking effects. They weren't hypothetical, though. They weren't hypothetical, correct. And so my point is that Inspired Development and NeuroRepair, but similarly as language, that shows that Gunn is not limited to these backward-looking claims. So even if we accept, I mean, the 833 case is backward-looking. That claim is, all the claims there are canceled. Mr. Lampkin's answer to that is the attorney's fees are still pending. The cases are still open and adjudicating, and the attorney's fees is overlapping with the objective basisness of the state statute. Correct. And so perhaps there is some limited effect there. But even assuming that's true, I mean, Gunn answers that too. Gunn says, it says, just because you have effects that might go between the parties in the specific patents, that's not significant enough to be substantial to the federal system as a whole. And that's precisely what the issue Mr. Lampkin raised is. And can I ask you something? I see a big difference in Gunn in that Gunn relates to malpractice. The state's interest in ensuring that the attorneys licensed in their state are not committing malpractice, right? Whereas this case is directed to policing the quality of infringement suits that are brought. And I see a big difference there. And I'm wondering, from a stepping things like to a little bit further back level, where most of today's discussion is really just focused on conflicts between the current case and the state case and the federal case in this current litigation. But don't I also have to think about other things when I'm thinking about substantiality? Don't I have to also think about that Congress created this federal patent system that already has things in place to deal with the policing of the quality of infringement claims brought? And do I have to think about the creation of the patent office? And it's all that this is a federal property right and those kinds of things. And the implication that all of this could have on future cases. Not just in terms of is there a conflict, but is this going to cause federal patent rights to diminish because patent, just let me, I'm sorry, I'm going on and on. But because patent holders are like, well, I'm not going to sue someone in this state or that state, is it going to create non-uniform policies or forum shopping? So I'm sorry, that was a mouthful. But those are all of my concerns that I'm thinking about as I think about this case. So to answer the beginning of your question, yes, I do think you should take a holistic view. Neuro repair elucidates some of the factors to consider. And one is the federal government interest. Of course, it found it not present there. And it's not present here either. There's no direct federal interest for the same reasons. But just taking a step back and looking at the big picture, state courts, it's undisputed, have a traditional historic police power in regulating unfair competition. This court has frequently dealt with state towards business disparagement, interference with business, claims that arise under those sorts of that power and found them not to satisfy gun. There's not going to be any systemic effect here because- What do you think is your closest case where this court has looked at something similar to what is at issue in this case and said that we don't have jurisdiction? Instead, it should be in state court. Well, so I think neuro repair cites favorably numerous cases involving- What was the claim at issue in neuro repair? Remind me. The neuro repair, I believe, was a breach of contract case. But let me- It has a recitation of several cases that it endorses this finding. But I'm just asking you, what federal circuit case has a claim that's similar to the one at issue here besides Hunter Douglas and some of these other earlier cases that are pre-mine? Right. I don't think there is a- I think all the earlier- It's all these earlier cases that were decided pre-gun that involved squarely this sort of case. But neuro repair cites approvingly all these cases under state whistleblower legislation, defamation, tortious interference, saying- Those don't. Those aren't policing state law. That's not state law policing the quality of an infringement case. I think what it shows, though, is that this court has recognized that gun extends broadly well beyond malpractice. And there's no dispute here that states have a traditional longstanding role in regulating unfair competition. I don't want to cut you off, but I have a related question. So maybe it will inform this. The one thing I can't figure out an answer for, so if you do, good for you, is the equitable relief available under the state statute, presumably under similar state statutes, which is assume it's still a live patent and you get an injunction in state court. That, to me, is the hypothetical that I think is substantially affecting patent rights. So I hear that concern 100%. And actually, I was going to remark on that. Mr. Lampkin invoked bonds as well. You could invoke this injunction thing. Micron has not sought a bond. It has not sought an injunction. And gun requires a claim-specific analysis. At the time of removal, what is the claim and what is the substantial effect on the system? And there is no request for an injunction. I agree that would be a closer case. And Inspired Development and a lot of these pre-gun decisions, Hunter Douglas, Additive Controls, recognize, they are premised on the idea that in those suits, the plaintiff under the state tort was seeking to enjoin the patentee. What happens if, during the litigation, a party decides to seek an injunction? Does it then get removed? Are you contemplating a system in which every case is decided on its own? I look at, was an injunction sought? Yes. And that's consistent with Vermont. Vermont carefully looks at whether an injunction was sought and the complaint was amended to remove an injunction request. And it found that that was the reason there wasn't removal jurisdiction. Of course, under the removal statute, when there's a material change and removal jurisdiction is suddenly proper because there's a new pleading or there's some new development that creates removal jurisdiction, the party can then remove after the normal 30-day period. And so if there were a request for an injunction that suddenly became into a case or some sort of development like that, that doesn't foreclose someone from seeking removal later based on that development. It's not a one-time analysis. Do you have more that you want to say in response to the big question I asked you about all the other policy interests, the things that are concerning me about the federal government's interests and substantiality? Or do you have nothing else to say on it? I would say that Mr. Lampkin invoked professional real estate and emphasized how federal precedent governs. And that's precisely the point about why there's no effective federal government interest. These courts are all going to be applying the same objective baselessness standard. They're all governed by patent law. And state courts cannot create new precedent on this issue. So I don't think there's any trenching or impingement on this federal interest. And it's routine for state courts to adjudicate federal claims and gun-inspired development all these cases. Is it a problem that the statute here is specifically targeted at patent litigation? If the state legislature had decided there was an abundance of frivolous lawsuits being filed in their state against state businesses and wanted to establish a cause of action that gave remedies for bad faith litigation under whatever cause of action, and that included patent action, would that make a difference? I mean, it seems to me that there's a little bit of a problem here in the sense that it suggests that it's targeting patent litigation, which is generally in the province. I think it would depend on the state statute, how it defines the elements of that tort. And if it necessarily implicates a question of is the patent valid and there's some decision on that, that would maybe be a factor. But inherently, no. All these state tort claims, tortious interference, disparagement, they can all target patent assertion. In fact, they do. All Idaho has done, and just because they do, this court has said, doesn't mean that you have a rising under-jurisdiction. And that's completely consistent with the gun. And so Idaho has determined the biggest problem in bad faith litigation is bad faith patent litigation. So it's targeted in just on that. But it still doesn't require the courts to determine actual patent issues.  Exactly. If the broader set is already not automatically under gun, just because it mentions patent, just because they've narrowed the universe and considering multiple factors, doesn't mean that it comes in under gun either. And Forrester, I mean, I also wanted to point out one final point from Inspired Development. It also mentions Forrester in saying that Forrester does not hold that all future looking or non-hypothetical issues are substantial to the federal systems. And then talks about this concern about enjoining. So I think that's maybe where Judge Prost, you sort of asked this enjoining question. Maybe future looking claims that involve questions of injunctions would. That's not an issue here. And to Judge Hughes's point, we have to assess this on a claim by claim basis. There's no, these claims don't involve any substantial. And that is in the federal district court case where you're seeking attorney fees. One basis for which you're alleging for seeking those fees is the objective baselessness of the filing of the suit, right? That's correct. So a couple points about that. First, that decision is not final. And we're objecting that decision to the district judge. But second of all, it doesn't address all of our theories for. And it's a totality of circumstances analysis. But that is one of your allegations that you're relying on. That is. That's sealed and it wasn't provided to us. That is one of the allegations, correct. But I would ultimately rest on Gunn's point that just because Gunn said, just because it didn't answer the question of whether there would be preclusive effect when state courts and federal courts are addressing the same question in these cases within a case. But it said, even if there was that effect, it wouldn't be substantial. So the converse is necessarily true too. If Gunn said, we're not deciding whether there's preclusive effect, and you would have to be consistent, then it clearly said that just because there could be inconsistency between parties and specific patents isn't a substantial patent issue either. We have to look at the importance to the federal system as a whole. And there, there can be no inconsistency because as everyone agrees, the same federal standards apply to the question of objective baselessness. Federal patent law governs that question. What about the possibility of non-uniform law in its application? You know, I mean, the possibility of having different state courts decide things differently than federal courts and decide things differently from one another. Well, state courts cannot, they would still have to heed a federal precedent. So they can't create new law on this. Their application of law to fact might be wrong. But Gunn says just because a state court might answer a question incorrectly and it's rooted in a misunderstanding of patent law isn't enough to show substantiality. Do you agree that in thinking about the substantiality issue, I should be looking at it systemically, right? Not just for this one particular case. Precisely. But my point is that there is no systemic effect because any sort of inconsistency we're talking about is limited to the parties and these patents. And at most, doesn't bind any federal court. You don't think it would impact a patent holder's behavior? No, because, again, that's limited to the parties. There wouldn't be any preclusive effect. The Idaho Act itself— What if that behavior in the injunction context? You kind of recognize that. Correct. If a state court were to prevent a patentee from asserting a patent based on violations with some sort of state tort, then that would obviously have broader ramifications because the patentee actually cannot no longer sue without violating a court order. So that would affect many different parties. That's a different question. I asked Mr. Lamkin about the hypothetical where there's no patent suit, at least at the time. It's a possibility, I guess. But all you have is the state law claim. Can you—again, if this case goes against you, I guess—are we looking at a situation where you simply have removal of the Idaho case to a federal court which has no pending—there's no pending litigation involving infringement and validity? So I think that's an even stronger basis to say there wouldn't be removal jurisdiction if there is no parallel federal proceeding. But, of course, we think even in this case where there are some federal proceedings that are pending, that's not enough undergone. I think that's just the stronger case. Certainly there, where there's nothing that the federal courts are doing, there's even less—it's even more remote and attenuated that's arising under jurisdiction. I think the other side says, correct me, that even if there's a possibility of federal proceedings, or even if there's no federal proceedings, you still go ahead with the state court—the federal court deciding the state court issue. Just that. That is a surpassingly odd result to me that, as Judge Hughes was saying, that state legislatures can enact these causes of action and they can only be heard in federal court. I'm not aware of any cause of action like that under the arising under provision. Mr. Lampkin mentioned 1442, and perhaps, yes, there where you have a particular federal officer having alleged to have done a tort, perhaps there those sorts of cases categorically get in. But under arising under jurisdiction and a gun analysis, I'm not aware of any case that is like that. So I think that is certainly not correct. I see that my time is up, but I'm happy to address the 1442 issues or any of the well-pleaded complaint issue as well, which we think are also important points. Thank you. We ask that this court affirm or, in the alternative, dismiss. Will we still have two minutes of rebuttal? Very quickly, the key analysis in gun was whether or not it was a purely hypothetical question and the fact that everything was done in the federal court and it couldn't affect it. This is the exact opposite. We have pending federal cases, which are having two courts ask the exact same patent question, a patent question that's assigned exclusively to the federal courts. I think the question was asked, are there other instances in which you have a state law cause of action that ends up exclusively in federal court? And actually, that's Grable and Smith, two Supreme Court cases. Grable was a quiet title action under state law. But because an element of the claim was that the federal granting of title was invalid, the Supreme Court held it is a federal cause of action that belongs and it's a federal action and arises under. I'd like to also point out that I think in— In that scenario, there could have been purely state law quiet title claims, right? It's just in that particular case, it involved a federal question. Under your view, this statute will never have a state cause of action. It's only in state and state court. It's always going to be in federal court. No, I don't think so, Judge. How could it not be? Because the whole point of it is to show objective baselessness. If they have to show that to win, then in your view, that's a federal patent claim. I want to distinguish the two pieces. For the necessarily raises, a question of federal law. If it's objectively baseless, for example, because there's a license, that's not a question of federal law. That's a question of state law. So if the base was, I am licensed and you're threatening me anyway, that wouldn't do it. And if this were just sort of a more general business tort type statute, you've made— So we do have to look at the facts of the— Pardon? We do have to look at the facts alleged in the complaint. For the necessarily raises component, but for the substantial federal question component, that specifically looks at the systemic effects. And the quote is on page 260 from Gunn. The substantiality under Grable looks instead at the importance of the issue to the federal system as a whole. And when you're shifting patent questions on a regular basis from federal courts to state courts, that has a tremendous impact. And that's why whether or not they sought a bond here or the injunction actually is quite critical. It is irrelevant, but the fact that it's available is quite critical because you have a state statute that if you assign these federal patent issues to the state, then they can actually act as the gatekeeper for federal courts. No, you can't bring that federal cause of action. You're enjoined because I think it's substantially baseless or likely to be so. And on that basis, the statute, the federal court jurisdiction is proper. We ask that the judgment be reversed. Thank you.